Joseph F. Hawkins, J.
Upon the voir dire examination of one of the jurors ultimately selected as a member of the jury which convicted the relator for murder and possession of dangerous instruments and appliances, the juror stated to defendant’s counsel that during World War II, he had served in the German Army. The relator contends that said juror consequently was grievously prejudiced against “members of the Jewish Race and Black Race ”. Nothing was offered to establish that this juror was not duly qualified to serve by virtue of his status as a naturalized citizen or any other legal disqualification.
Despite the voir dire having so disclosed the juror’s background, presumably, and in the absence of any contrary contention, he was neither challenged for cause nor was any peremptory challenge exercised by the relator’s then defense counsel. The defense having failed to have exercised either of such options, the verdict now cannot be impeached or impugned by such alleged congenital bias.
The relator cites People v. Bott (121 Misc. 380). There the court, after giving a discourse on the origins of the doctrine of a petit jury consisting of one’s “peers”, whether or not truly derived from Magna Carta and the concepts thereof by our Founding Fathers, ordered a new trial because one of the jurors was not a citizen. That holding is inapplicable since the juror in question was found duly qualified to be placed on the panel of jurors summoned coupled with the absence of any objection by either prosecutor or defense attorney.
In People v. Cosmo (205 N. Y. 91, 103-104) the Court of Appeals was presented with the problem where it was learned, postsubmission, that a juror lacked the then requisite property qualifications to serve on a jury. Judge Webnek, speaking for a unanimous court, refused to set aside the conviction and held: “He has had a trial conducted according to the established forms of law, and his guilt has been certified, upon competent and sufficient evidence, by a jury of twelve in number who were capable of deciding his case fairly and impartially. That is all that was guaranteed to him by the Constitution (People v. Dunn; Stokes v. People, supra), and he should not now be heard upon *516 technical and purely statutory objections, which do not affect the merits of his case, and which he might have made, but failed to make, at the trial in the manner prescribed by law.”
Upon the submission, there is nothing to indicate failure to adhere to the requirements of the Code of Criminal Procedure or that People v. Bolt (supra) or People ex rel. Ostwald v. Craver (272 App. Div. 181) apply by virtue of the juror’s non-citizenship. Further, if the disqualification is based upon alleged bias rather than status, the defendant had available challenge for cause under section 376 of the Code of Criminal Procedure, which section specifically provides the exclusion of such juror for ‘ ‘ bias ’ ’ or showing ‘ ‘ that such juror cannot try the issue impartially and without prejudice to the substantial rights of the party challenging ”.
Accordingly, the writ is dismissed and the relator remanded to the custody of the respondent.
The attention of the relator’s counsel is directed to rule III of the Appellate Division, Second Department (22 NYCRR 671.3), dated October 25, 1967, relating to a defendant’s right to appeal.